UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUICK TIME PERFORMANCE.COM, INC. <br><br> Plaintiff, <br><br> v. <br><br> GRANATELLI MOTOR SPORTS, INC., <br> Defendants | Civil Action No.: <br><br><br> **VERIFIED COMPLAINT** |

Plaintiff, Quick Time Performance.com, Inc., by its attorneys, Berkowitz, Lichtstein, Kuritsky, Giasullo & Gross, LLC, as and for its complaint against the defendant, Granatelli Motor Sports, Inc., states the following:

<u>**Nature of the Case**</u>

1.     This is a civil action for copyright infringement, unfair competition under the Lanham Act, and unfair business practices arising under New Jersey law.  Defendant Granatelli Motor Sports, Inc. ("Granatelli") has wrongfully appropriated proprietary technical drawings developed by plaintiff Quick Time Performance.Com, Inc. for its Electric Cutout products, and used them to manufacture and sell an identical product in the competitive market for specialized automotive equipment.  Upon information and belief, GMS copied the copyrighted Quick Time Performance Product Design Drawings in order to make product sold by GMS.  GMS has invested

zero resources to design or promote these products and is able to undercut the price charged by Quick Time Performance.Com, Inc., which legitimately developed the original Cutout products. In a deliberate effort to engender further confusion between the legitimate and knock-off Cutout products, and maximize the advantage conferred by its wrongful conduct, Granatelli has also stolen Quick Time Performance.Com, Inc.'s own marketing photographs which it is using to advertise on online distributor websites and which suggest that the product depicted in the photograph is a GMS product. As a result, the market for these specialized automotive parts has been flooded with cheap knock-offs that are indistinguishable from the legitimate products that Quick Time Performance.Com, Inc. has invested significant resources to develop and sell. Granatelli has refused to cease its infringing and tortious activities despite clear demands from Quick Time Performance.Com, Inc. Injunctive relief is warranted to prevent further harm from Granatelli's theft and misappropriation of Quick Time Performance.com, Inc.'s intellectual property, along with a complete disgorgement of Granatelli's ill-gotten profits and/or statutory damages.

### Parties

2.      Plaintiff, Quick Time Performance.Com, Inc., is a New Jersey business entity engaged in the design, manufacture and distribution of specialized automotive equipment with a principle place of business at 77 4th Avenue, Hawthorne, New Jersey 07506 ("QTP").

3.      Defendant Granatelli Motor Sports, Inc., is a California business entity engaged in competitive activities to QTP, with a principle place of business at 1000 Yarnell Place, Oxnard, California 93033 ("Granatelli").

### Jurisdiction and Venue

4.      This is a civil action for unfair competition under the Lanham Act of 1946, as amended, 15 U.S.C. § 1125, and copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et. seq.*, and unfair competition under New Jersey law.

5.      This Court has original jurisdiction of the Lanham Act and Copyright Act claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).  The state law claims are so related to the federal law claims that they form part of the same case and controversy, thereby making exercise of supplemental jurisdiction under 28 U.S.C. § 1367 appropriate.

6.      This Court may exercise personal jurisdiction over Granatelli because Granatelli has continuous and systematic contacts with the state of New Jersey and has directed its misleading and illegal advertising, marketing, and infringement of QTP's copyrights to New Jersey and to damage the business of QTP, which is a New Jersey entity, and these claims arise out of those activities.

7.      QTP's causes of action arise from and are directly related to Granatelli's contacts with the state of New Jersey. Specifically: (1) Granatelli offers to sell infringing products within this judicial district; (2) Granatelli offers for sale its products through interactive websites through which residents of New Jersey may buy infringing and deceptively marketed products; (3) Granatelli has committed tortious acts within this judicial district and/or committed tortious injury in this judicial district caused by an act or omission outside of the state; and (4) Granatelli has engaged in other persistent courses of conduct within this judicial district.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Granatelli, being subject to personal jurisdiction, is deemed to reside in this

judicial district, and because a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this judicial district.

## Facts Common to All Claims

9.      QTP designs, manufactures, advertises and deals in specialized automotive equipment.

10.      QTP's unique products include a number of "Stainless Steel Cutouts" and "Electric Cutouts," which are automotive devices that cause a car exhaust system to generate distinctive sounds and increase the power flowing from the engine (generally, "Cutouts").

11.      QTP invests substantial resources to develop, promote and distribute its unique automotive products, which investment provides QTP an advantage over its competitors in the highly competitive industry for specialized automotive equipment.

12.      QTP advertises and distributes its Cutout products through its website http://www.quicktimeperformance.com/ as well as through third-party automobile parts distributors.

13.      Defendant Granatelli is QTP's direct competitor in the industry for specialized automotive equipment.

14.      Unlike QTP, Granatelli has not invested the resources to develop, license or obtain the rights to a competing Cutout product or otherwise engaged in legitimate competition in the market for Cutouts.

15.      Granatelli has instead stolen QTP's intellectual property arising from its development and marketing of its proprietary Cutout products, and used same to unfairly and illegally manufacture and promote a cheaper "knock-off" cutout product, thereby undercutting

QTP's product and irreparably damaging its sales and goodwill within the market for specialized automotive equipment.

**Granatelli Steals QTP's Proprietary and Copyrighted Technical Drawings.**

16.    On certain dates between 2014 and 2018, employees of QTP created illustrations of QTP's products, including certain Electric Cutouts, Stainless Cutouts, Low Profile Electric Cutouts, Screamer Mufflers, and Quad Overlay Tip, which illustrations possess a distinctive style and include technical specifications regarding QTP's unique products ("Design Drawings"). **Exhibit _A_.**

17.    QTP owns the copyright to the Design Drawings as works for hire.

18.    Each Design Drawing is imprinted with a clear statement that: "This Drawing and The Contents Herein Are Confidential and the Sole Property of Quick Time Performance. Reproduction of This Drawing or Construction of Any Parts Within This Drawing Are Forbidden Without Prior Written Consent," and similar statements carrying the same meaning.

19.    Certain of the Design Drawings were compiled into a catalogue (the "Catalogue") and published by QTP on its websites for the purpose of attracting customers and marketing its unique product at the following web link:

http://www.quicktimeperformance.com/Support/Docs/QTP_PRODUCT_MEASUREMENT_20 13.pdf

20.    To protect QTP's intellectual property rights in the Design Drawings and the Catalogue, QTP obtained Copyright Registrations to the Design Drawings and Catalogue from the United States Copyright Office, bearing Registration Number: VAu001315993, Application Title: Quick Time Performance Design Documentation. **Exhibit _B_.**

21.     Defendant Granatelli is manufacturing, advertising and selling exact copies of the unique QTP products depicted in the Design Drawings, without consent, license or authority.

22.     The Granatelli copies possess such striking similarity to the QTP products, including design idiosyncrasies, that the only reasonable conclusion is that Granatelli has infringed QTP's copyrights in the Design Drawings, by reproducing and creating works derivative of the Design Drawings, without consent.

23.     Granatelli has and is continuing to infringe QTP's copyrights in the Design Drawings as aforesaid.

**Granatelli Steals QTP's Proprietary and Copyrighted Marketing Photograph.**

24.     In 2012, employees of QTP created a certain distinctive photograph of its 2.50" Stainless Steel Exhaust Cutout, Part Number 10250 ("QTP Photograph") for use in promoting, advancing and marketing its unique product. **Exhibit _C_.**

25.     To protect QTP's intellectual property rights in the QTP Photograph, QTP obtained Copyright Registration to the QTP Photograph from the United States Copyright Office, bearing registration Number VAu001322440, for the QTP Photograph Of Single Manual Exhaust Cutout System.

26.     The QTP Photograph depicts the 2.50" Stainless Steel Exhaust Cutout along with mounting hardware arranged in an attractive formation, with distinctive lighting and reflection patterns, against a white background. Id.

27.     QTP owns the copyright to the QTP Photograph as a work for hire.

28.     QTP has applied to the United States Copyright Office to register the QTP Photograph, which application is pending approval. QTP will amend the complaint with copyright registration information when it is available.

29.     QTP published the QTP Photograph on its website as part of its online catalogue at http://shop.quicktimeperformance.com/2-50-stainless-steel-exhaust-cutout.html for purposes of attracting customers and marketing its unique product.  **Exhibit _D_.**

30.     QTP published the QTP Photograph on the Summit Racing Equipment website for purposes of attracting customers and marketing its unique product.  **Exhibit _E_.**

31.     Granatelli is not licensed or authorized to use the QTP Photograph in any manner or to reproduce, display, distribute or alter the QTP Photograph.

32.     Attached as Exhibit _F_ is a Granatelli advertisement published on the JEGS automotive website using the QTP Photograph and falsely claiming that it represents Granatelli Single Manual Exhaust Cutout System with a 2" Tube Diameter.

33.     Attached as Exhibit _G_ is a Granatelli advertisement published on the JEGS automotive website using the QTP Photograph and falsely claiming that it represents Granatelli Single Manual Exhaust Cutout System with a 2.25" Tube Diameter.

34.     Attached as Exhibit _H_ is a Granatelli advertisement published on the JEGS automotive website using the QTP Photograph and falsely claiming that it represents Granatelli Single Manual Exhaust Cutout System with a 2.5" Tube Diameter.

35.     Attached as Exhibit _I_ is a Granatelli advertisement published on the JEGS automotive website using the QTP Photograph and falsely claiming that it represents Granatelli Single Manual Exhaust Cutout System with a 3" Tube Diameter.

36.     Attached as Exhibit _J_ is a Granatelli advertisement published on the JEGS automotive website using the QTP Photograph and falsely claiming that it represents Granatelli Single Manual Exhaust Cutout System with a 3.5" Tube Diameter.

37.     Attached as Exhibit _K_ is a Granatelli advertisement published on the JEGS automotive website using the QTP Photograph and falsely claiming that it represents Granatelli Single Manual Exhaust Cutout System with a 4" Tube Diameter.

38.     Attached as Exhibit _L_ is a Granatelli advertisement published on the JEGS automotive website depicting an altered version of the QTP Photograph and falsely claiming that it represents Granatelli Dual Manual Exhaust Cutout System with a 2" Tube Diameter.

39.     Attached as Exhibit _M_ is a Granatelli advertisement published on the JEGS automotive website depicting an altered version of the QTP Photograph and falsely claiming that it represents Granatelli Dual Manual Exhaust Cutout System with a 2.25" Tube Diameter.

40.     Attached as Exhibit _N_ is a Granatelli advertisement published on the JEGS automotive website depicting an altered version of the QTP Photograph and falsely claiming that it represents Granatelli Dual Manual Exhaust Cutout System with a 2.5" Tube Diameter.

41.     Attached as Exhibit _O_ is a Granatelli advertisement published on the JEGS automotive website depicting an altered version of the QTP Photograph and falsely claiming that it represents Granatelli Dual Manual Exhaust Cutout System with a 3" Tube Diameter.

42.     Attached as Exhibit _P_ is a Granatelli advertisement published on the JEGS automotive website depicting an altered version of the QTP Photograph and falsely claiming that it represents Granatelli Dual Manual Exhaust Cutout System with a 3.5" Tube Diameter.

43.     Attached as Exhibit _Q_ is a Granatelli advertisement published on the JEGS automotive website depicting an altered version of the QTP Photograph and falsely claiming that it represents Granatelli Dual Manual Exhaust Cutout System with a 4" Tube Diameter.

44.     Upon information and belief, Granatelli has and is continuing to use the QTP Photograph, and derivate works based thereupon, to promote its knock-off Cutouts on other websites or distribution channels.

45.     As a result of Granatelli's false, misleading, and deceptive activities, QTP has and is likely to continue to suffer a diminution in sales, loss of good will and other substantial and irreparable injury to its business.

**COUNT I**
**Copyright Infringement**
**(Design Drawings)**

46.     QTP refers to and incorporates by reference each and every allegation set forth above.

47.     QTP owns United States copyright registration to the Design Drawings and Catalogue, under registration number, VAu001315993, the underlying works of which were all created in the United States.

48.     Upon information and belief, Granatelli has and continues to infringe upon QTP's copyright to the Design Drawings by making unauthorized reproductions of the Design Drawings, and using same to develop and manufacture unauthorized, knock-off, copies of QTP's Cutout products in violation of the Copyright Act.

49.     Granatelli's infringement includes a substantial amount of original material from the Design Drawings that constitutes copyrightable subject matter pursuant to 17 U.S.C. § 102(a) and which is protected under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

50.     Striking similarity exists between the Design Drawing and Granatelli's Work, because the likenesses is so comprehensive and/or exact, such that it cannot be explained other than by copying.

51.     Granatelli is unlikely to have "reverse engineered" its knock-off Cutout products because it lacks the engineering sophistication to achieve such reverse engineering, it is substantially cheaper for Granatelli to reproduce QTP's copyrighted Design Drawings, and Granatelli's knock-off Cutouts contain idiosyncrasies existing in the Design Drawings which cannot be explained by reverse engineering.

52.     Granatelli had access to the Design Drawings, which QTP has published on its website along with a clear statement that copying is prohibited.

53.     Granatelli's activities at all times relevant have been willful and/or knowing.

54.     Granatelli'ss activities have directly and proximately caused and, unless enjoined, will continue to cause irreparable injury to QTP, and QTP has no adequate remedy at law.  QTP is, accordingly, entitled to injunctive relief pursuant to 17 U.S.C. § 502.

55.     By reason of Granatelli's acts of copyright infringement, QTP is entitled to recover actual damages and all profits received or otherwise achieved, directly or indirectly, by Granatelli in connection with Granatelli's infringement of the Design Drawings and marketing, advertising, distributing, displaying, offering to sell, and selling of the knock-off Cutout products, and in the alternative, statutory damages as provided for in 17 U.S.C. § 504(c). QTP is also entitled to recover attorneys' fees and costs under 17 U.S.C. § 505.

## COUNT II
### Copyright Infringement
### (QTP Photograph)

56.     QTP refers to and incorporates by reference each and every allegation set forth above.

57.     QTP owns the United States copyright registration to the QTP Photograph, under registration number VAu1322440, the underlying work of which was created in the United States.

58.     Granatelli has and continues to infringe upon QTP's copyright to the QTP Photograph, including QTP's exclusive right to reproduce, create derivative works, display copies and publicly display the QTP Photograph, by copying the QTP Photograph exactly, altering the QTP Photograph, and publicly displaying and distributing the QTP Photograph.

59.     Granatelli's infringement includes a substantial amount of original material from the QTP Photograph that constitutes copyrightable subject matter pursuant to 17 U.S.C. § 102(a) and which is protected under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

60.     Granatelli had access to the QTP Photograph, which QTP has published on its website.

61.     Granatelli's activities at all times relevant have been willful and/or knowing.

62.     Granatelli's activities have directly and proximately caused and, unless enjoined, will continue to cause irreparable injury to QTP, and QTP has no adequate remedy at law. QTP is, accordingly, entitled to injunctive relief pursuant to 17 U.S.C. § 502.

63.     By reason of Granatelli's acts of copyright infringement, QTP is entitled to recover actual damages and all profits received or otherwise achieved, directly or indirectly, by Granatelli in connection with Granatelli's infringement of the QTP Photograph and marketing, advertising, distributing, displaying, offering to sell, and selling of the knock-off Cutout products, and in the alternative, statutory damages as provided for in 17 U.S.C. § 504(c). QTP is also entitled to recover attorneys' fees and costs under 17 U.S.C. § 505.

## COUNT III

### Unfair Competition and False Advertising
### Lanham Act Section 43(a)

64.     QTP refers to and incorporates by reference each and every allegation set forth above.

65.     As demonstrated by Exhibits D to Q, Granatelli is marketing its knock-off Cutout products using QTP's proprietary images of its own, legitimate, products.

66.     Granatelli's use of the QTP Photograph in its advertising falsely suggests that Granatelli and QTP are selling identical Cutout products to one another, that QTP and Granatelli are affiliated with one other, that QTP sponsors or approves of Granatelli's sale of its Cutout products, and thereby misrepresents the nature, characteristics, qualities, and/or geographic origin of its Cutout products in violation of the Lanham Act. 15 U.S.C.A. § 1125.

67.     Granatelli's activities constitute unfair competition in violation of Section 43(a) of the Lanham Act.

68.     QTP is a direct competitor to Granatelli in the market for specialized automotive equipment, including Cutouts, and has standing under the Lanham Act to pursue a claim for False Advertising and Unfair Competition. See 15 U.S.C. s. 1125.

69.     Granatelli's use of the QTP Photograph in its advertising makes it impossible for the public to distinguish between the legitimate Cutout products sold by QTP and the knock off Cutout products sold by Granatelli.

70.     Granatell's use of the QTP Photograph in its advertising is likely to cause confusion to the public between the legitimate Cutout products designed, marketed and distributed by QTP and the knock-off Cutout products being sold by Granatelli.

71.     Due to Granatelli's wrongful use of the QTP Photograph, the public is likely to believe that the Cutout products being sold by QTP and Granatelli are identical, when in fact, the Cutout products being sold by Granatelli are illegitimate knock-offs.

72.     As a result of Granatelli's false, misleading, and deceptive representations, the public was actually deceived or was very likely to be deceived regarding the difference between QTP's Cutouts and Granatelli's Cutouts, thereby wrongfully influencing purchasing decisions.

73.     Granatelli's false, misleading, and deceptive representations, and the goods in which Grantelli is dealing travel in interstate commerce.

74.     Granatelli has at all times acted deliberately and in bad faith to mislead the public and damage QTP's business.

75.     As a result of Granatelli's false, misleading, and deceptive representations, QTP has and is likely to suffer a diminution in sales, loss of good will and other substantial and irreparable injury to its business.

76.     Granatelli's activities have directly and proximately caused and, unless enjoined, will continue to cause irreparable injury to QTP, and QTP has no adequate remedy at law. QTP is, accordingly, entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

77.     QTP's has suffered and will continue to suffer substantial damage to its business, reputation, and goodwill, and will continue to suffer the loss of sales and profits that QTP would have made but for Granatelli's acts, and QTP is entitled to recover damages, Granatelli's profits, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

78.     Granatelli's conduct constitutes an "exceptional" case under 15 U.S.C. § 1117(a) and QTP is entitled to attorneys' fees and other costs the Court considers just and equitable.

## COUNT IV
**Unfair Competition and False Advertising**
**N.J.S.A. 56:4-1**

79.     QTP refers to and incorporates by reference each and every allegation set forth above.

80.     As demonstrated by Exhibits D to Q, Granatelli is marketing its knock-off Cutout products using QTP's proprietary images of its own, legitimate, products.

81.     By engaging in such wrongful activities, Granatelli has appropriated for itself the reputation and goodwill of QTP in violation of N.J.S.A. 56:4-1.

82.     Granatelli has at all times acted deliberately and in bad faith to mislead the public and damage QTP's business.

83.     As a result of Granatelli's false, misleading, and deceptive representations, QTP has and is likely to suffer a diminution in sales, loss of good will and other substantial and irreparable injury to its business.

84.     Granatelli's activities have directly and proximately caused and, unless enjoined, will continue to cause irreparable injury to QTP, and QTP has no adequate remedy at law. QTP is, accordingly, entitled to injunctive relief pursuant to N.J.S.A. 56:4-2.

85.     Due to the deliberate and willful nature of Granatelli's wrongful acts the Court should award treble damages pursuant to N.J.S.A. 56:4-2.

## PRAYER FOR RELIEF

WHEREFORE, QTP prays that the Court grant the following relief:

1. Order that Granatelli and its officers, directors, agents, employees, successors, assigns and attorneys, and all persons and entities in active concert or participation who receive notice of the

14

injunction by personal service or otherwise, be enjoined and restrained permanently, from doing, aiding, causing, or abetting any of the following:

(a) engaging in any acts or activities directly or indirectly calculated to trade upon QTP's products, marketing materials, proprietary designs, copyrighted works, reputation or goodwill, including any further use of images that are identical or confusingly similar to the QTP images;

(b) directly or indirectly using in commerce a reproduction, counterfeit, copy, or colorable imitation of the QTP photographs and marketing materials in connection with the sale, offering for sale, distribution, or advertisement of any goods and/or services without authorization from QTP;

(c) directly or indirectly using any false designation of origin, false or misleading description of fact, or false or misleading representation of fact in connection with the sale of Granatelli's products or services, including any representation that Granatelli and/or its products and services are affiliated or connected with, or authorized, approved, licensed, or sponsored by QTP;

(d) passing off, inducing or enabling others to sell or pass off, as products or services produced by or for or distributed with authorization of QTP, any product or service that is not the product or service of QTP, is not produced under the control or supervision of QTP, is not approved by QTP, or is not distributed with QTP's express authorization;

(e) engaging in any acts or activities directly or indirectly calculated to infringe upon QTP's copyrights, including the Design Drawings, Catalogue or QTP Photograph, including duplicating, reproducing, manufacturing, distributing products derived from QTP's Copyrights or selling products and services using images that are the subject of QTP's Copyrights;

(f) directly or indirectly using, or enabling others to use, any duplication or reproduction of any of QTP's Copyrights; and

(g) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f).

2. Order Granatelli to file with the Court and serve upon counsel for QTP within thirty (30) days after the entry of the permanent injunction prayed for in this Complaint, a written report, sworn to under oath, setting forth in detail the manner and form in which Granatelli has complied with the injunction;

3. Order Granatelli to destroy all unauthorized knock-off products and items that bear any of the QTP Copyrights and/or were derived from Granatelli's infringement of QTP's Copyrights, and to confirm such destruction in writing to QTP within thirty (30) days after the order is issued, and to provide QTP with the identity and complete contact information for all persons and entities from which Granatelli obtained the unauthorized products;

4. Order Granatelli to account for and pay to QTP all profits derived by Granatelli' acts alleged in this Complaint;

5. Order Granatelli to pay QTP all actual damages QTP has sustained as a result of Granatelli' actions including, without limitation, damage to QTP business, reputation and goodwill, and the loss of sales and profits that it would have made but for Granatelli' acts;

6. Order Granatelli to pay QTP statutory damages as provided for in 17 U.S.C. § 504(c), including

enhanced statutory damages for willful infringement up to $150,000 per work covered by QTP

Copyrights infringed by Granatelli;

7. Order Granatelli to pay QTP compensatory damages in an amount as yet undetermined caused

by the foregoing acts of infringement, false designation of origin, and unfair competition and

trebling such compensatory damages for payment to QTP pursuant to 15 U.S.C. § 1117 and

N.J.S.A. 56:4-2;

8. Find that this is an "exceptional" case pursuant to 15 U.S.C. § 1117;

9. Award QTP its costs of suit, including reasonable and necessary attorneys' fees and expenses

pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 505, and other applicable statutes and laws;

10. Award QTP pre-judgment and post-judgment interest at the highest legal rate on all sums

awarded in the Court's judgment; and

11. Award QTP such other and further relief to which it may be entitled at law or in equity, as the

court deems just and proper.

BERKOWITZ, LICHTSTEIN, KURITSKY,
GIASULLO & GROSS, LLC
Attorneys for Plaintiff,
Quick Time Performance.com, Inc.

s/ Stewart M. Leviss
By:_____
STEWART M. LEVISS

Dated: July 31, 2018

## VERIFICATION

I, Barry Adler, declare under penalty of perjury declare under penalty of perjury that the foregoing is true and correct:

1. I am the President of plaintiff Quick Time Performance.com, Inc. ("QTP") and am authorized to execute this verification.

2. I have read the allegations made in the Verified Complaint with exhibits filed on behalf of QTP and know the contents thereof and same to be true and correct, based upon my personal knowledge.

   Executed on this 25 day of July, 2018

BARRY ADLER