UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUICK TIME PERFORMANCE.COM, INC., **Plaintiff,** v. **GRANATELLI MOTOR SPORTS, INC., Defendant.** | Docket No.: 18-cv-12243 OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This is a copyright infringement case. Plaintiff Quick Time Performance.com, Inc. ("Quick Time") filed this action against Granatelli Motor Sports, Inc. ("Granatelli"), alleging copyright infringement, false advertising in violation of the Lanham Act, 15 U.S.C. § 1125, and misappropriation under N.J. Stat. § 56:4-1. The matter comes before the Court on Defendant Granatelli's motion to dismiss. ECF No. 19. For the reasons stated below, the motion is **DENIED**.

I. BACKGROUND[1]

Plaintiff Quick Time Performance.Com, Inc. is a New Jersey business entity that designs, manufactures, and distributes specialized automotive equipment. Am. Compl. ¶ 2, ECF No. 16. Quick Time designs and manufactures stainless steel cutouts and electric cutouts—automotive devices that cause a car exhaust system to generate distinctive sounds and increase the power flowing from the engine. *Id.* ¶ 10. Quick Time advertises and distributes its products through its website as well as through third-party automobile parts distributors. *Id.* at ¶ 12. Defendant Granatelli Motor Sports, Inc. is a California business and competitor of Quick Time. *Id.* at ¶ 3.

Quick Time owns the copyright to a photograph it created in 2012 of its 2.50" Stainless Steel Exhaust Cutout, Part Number 10250 ("Quick Time Photograph"), which Quick Time published on its website and a third-party site, the Summit Racing Equipment website, for marketing purposes. *Id.* at ¶¶ 16, 17, 20, 21. Quick Time alleges that Granatelli infringed its copyright by using the Quick Time Photograph to advertise Granatelli products on another site, the JEGS automotive website where it was claimed that the photograph represented various iterations of the Granatelli Single and Dual Manual

---

[1] The following facts, taken from the Complaint, are accepted as true for the purpose of this Opinion.

Exhaust Cutout System. *Id.* at 23-35, 39. Now before the Court is Granatelli's motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). ECF No. 19.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The Third Circuit requires district courts to conduct a three-part analysis when reviewing a complaint for dismissal for failure to state a claim:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Iqbal*, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (footnote omitted).

## III. DISCUSSION

Plaintiff Quick Time asserts three claims against Defendant Granatelli stemming from its alleged usage of the Quick Time Photograph: (1) copyright infringement, (2) unfair competition and false advertising under Section 43(a) of the Lanham Act, (3) unfair competition and false advertising under N.J. Stat. § 56:4-1. Granatelli moves to dismiss all three counts.

### A. Copyright Infringement

In Count One, Quick Time alleges that Granatelli infringed upon Quick Time's

2

copyright to the Quick Time Photograph by "copying the Quick Time Photograph exactly, altering the Quick Time Photograph, and publicly displaying and distributing the Quick Time photograph." Am. Compl. ¶ 39.

A plaintiff in a copyright infringement action must allege: (1) "which specific original work is the subject of the copyright claim," (2) "that plaintiff owns the copyright," (3) "that the work in question has been registered in compliance with the statute," and (4) "by what acts and during what time defendant has infringed the copyright." *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (E.D. Pa. 1979). The fourth element requires that the plaintiff set out particular infringing acts with specificity. *Stampone v. Stahl*, No. CIV.A.05-1921 (WJM), 2005 WL 1694073, at *2 (D.N.J. July 19, 2005) (citing *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000)).

Granatelli contends that Quick Time has not satisfied the pleading requirements as to the fourth element because Quick Time does not allege that Granatelli committed any infringing acts with regard to the Quick Time Photograph. Accepting as true the factual allegations that Granatelli copied the Quick Time Photograph during the time it was displayed on the Quick Time website and then publicly displayed the photograph on the JEGS automotive website, Am. Compl. ¶¶ 39, 41, the Court finds that Quick Time pleaded the infringing act with sufficient specificity.[2] In those instances where courts have found that a plaintiff failed to plead infringing acts with specificity, the plaintiff failed to allege that the defendant copied plaintiff's work. *See, e.g., Stampone*, 2005 WL 1694073 at *2; *Levey v. Brownstone Inv. Group, LLC*, 2013 WL 3285057, at *6 (D.N.J. June 26, 2013). Conversely, courts have found that copyright infringement was sufficiently pleaded where plaintiffs alleged that defendants engaged in the mere copying of protected designs or items. *See, e.g., Hanover Architectural Service, P.A. v. Christian Testimony-Morris, N.P.*, 2011 WL 6002045, at *5 (D.N.J. Nov. 29, 2011). Thus, Quick Time's copyright infringement claim is facially plausible and Granatelli is on notice as to the nature of its allegedly infringing act.

## B. <u>Copyright Preemption and the Lanham Act</u>

In Count Two, Quick Time asserts liability pursuant to the Lanham Act, specifically 15 U.S.C. § 1125. Am. Compl. ¶¶ 45-59. Quick Time alleges that Granatelli, by using the Quick Time Photograph to market Granatelli products, falsely suggests that Quick Time and Granatelli sell identical cutout products, that the businesses are affiliated, or that Quick

---

[2] Quick Time specifically alleges that the Quick Time Photograph was used on the JEGS automotive website to advertise the Granatelli Single Manual Exhaust Cutout System with a 2" Tube Diameter, 2.25" Tube Diameter, 2.5" Tube Diameter, 3" Tube Diameter, 3.5" Tube Diameter, 4" Tube Diameter, and the Granatelli Dual Manual Exhaust Cutout System with a 2" Diameter, 2.25" Diameter, 2.5" Diameter, 3" Diameter, 3.5" Tube Diameter, 4" Tube Diameter. Am. Compl. ¶¶ 23-35, Exs. D-O.

Time approves Granatelli's sale of Quick Time products, and consequently, causes public confusion. *Id.* at ¶¶ 47, 49, 50. Granatelli argues that because the scheme alleged is one wherein Granatelli is misrepresenting Quick Time's goods as its own, it is "reverse passing off." Therefore, Defendant argues the claim is precluded under *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003).

In *Dastar Corp.*, the Supreme Court held that the Lanham Act did not prevent the unaccredited copying of an uncopyrighted work and, as a result, did not apply to the "reverse passing off" scheme at issue. 539 U.S. at 27-37. Reverse passing off occurs when the producer misrepresents *someone else's goods* or services as his own. *Id.* Reverse passing off involves reselling goods produced by someone else. *Web Printing Controls Co. v. Oxy-Dry Corp.*, 906 F.2d 1202, 1203 n. 1 (7th Cir. 1990). "Passing off," on the other hand, occurs when a producer misrepresents *his own* goods or services as someone else's. *Dastar Corp.*, 539 U.S. at 28 n. 1.

The Court finds that Quick Time's allegation is a passing off claim, not a reverse passing off claim. Quick Time alleges that by displaying a photo of Quick Time cutouts to sell its products, Granatelli passes off its goods as Quick Time's and so misrepresents its own goods as someone else's. This is the essence of a passing off claim and thus, is not precluded under *Dastar Corp.*

### C. Preemption of State Law Claim

In Count Three, Quick Time alleges unfair competition and false advertising in violation of N.J. Stat. § 56:4-1. Granatelli argues that this claim is preempted by Section 301 of the Copyright Act because it is a reverse passing off claim. Mot. to Dismiss 12-14. The Copyright Act preempts unfair competition state law claims premised on reverse passing off theories, but not state law claims premised on passing off theories. *Fun-Damental Too, Ltd. v. Universal Music Grp., Inc.*, 1997 WL 381608, at *4 (E.D. Pa. July 8, 1997). For the reasons stated above, the Court finds that Quick Time's unfair competition and false advertising claim is a passing off, not reverse passing off, claim. Therefore, it is not preempted by the Copyright Act. *See id.*

## IV. CONCLUSION

For the reasons set forth above, Granatelli's motion to dismiss, ECF No. 19, is **DENIED**.

Date: October 1, 2019

WILLIAM J. MARTINI, U.S.D.J.

4