# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>MARK FALK<br>UNITED STATES MAGISTRATE JUDGE | USPO & COURTHOUSE<br>1 FEDERAL SQ., ROOM 457<br>NEWARK, NJ 07101<br>(973) 645-3110 |

## LETTER OPINION AND ORDER

April 2, 2020

**TO ALL COUNSEL OF RECORD**

Re: Quick Time Performance.com. Inc.
v. Granatelli Motor Sports,
Civil Action No. 18-12243 (WJM)

Dear Counsel:

This case involves allegations of false advertising and unfair business practices brought under the Lanham and Copyright Acts. Before the Court is Plaintiff's letter application seeking leave to file a Second Amended Complaint. Defendant opposes the application. No argument is necessary. Fed. R. Civ. P. 78(b). For the reasons stated below, the application is **GRANTED**.

## Background

The Complaint is relatively straightforward. Plaintiff alleges that Defendant is using a photograph of Plaintiff's automotive product in advertisements for Defendant's products, which is likely to cause confusion amongst consumers and lead them to purchase the allegedly inferior or "knock off" product that Defendant is supposedly producing.

On September 30, 2019, the Honorable William J. Martini, U.S.D.J. denied Defendant's pre-answer Rule 12(b)(6) motion seeking to dismiss the Complaint.

On November 22, 2019, the Court entered an initial scheduling order, opening

1

discovery and providing that it would close on May 19, 2020. The Scheduling Order also directed that a status and settlement conference would be held on January 15, 2020, and any motion to amend pleadings be filed by January 30, 2020,

**Current Motion**

Plaintiff served discovery on Defendant and subpoenas on two of Defendant's distributors, JEGS and Summit Racing. Relevant here, Plaintiff's products are made in the USA, and the subpoenas served on JEGS and Summit sought, among other things, information about what it believes to be are false representations made relating to where Defendant's product is manufactured ("country of origin information"), which it claims supports the Lanham Act claim in the Complaint.

On January 13, 2020, the parties requested an adjournment of the January 15 in-person conference, which was rescheduled for February 6, 2020.

On January 15, 2020, Defendant served discovery responses, but refused to produce any country of origin information, claiming it is not sufficiently pleaded in the Complaint.

Plaintiff states that, in light of Defendant's refusal to produce country of origin information, it intended to raise the issue with the Court, at the now rescheduled conference on February 6, 2020.

On February 6, 2020, the Court held a conference and Plaintiff requested Defendant's consent to file an amended complaint. Defendant refused, claiming that Plaintiff missed the January 30, 2020 deadline to amend contained in the scheduling order, and that Plaintiff could not show good cause to now amend the Complaint.

On February 22, 2020, Plaintiff made a letter application to amend the Complaint to clearly plead false country of origin as a violation of the Lanham Act. It claims that the only reason it was not filed by January 30 is because it was waiting to address the issue with the Undersigned at the February 6 conference, and that there is no undue delay or prejudice that would warrant denial of leave to amend.

On February 28, 2020, Defendant opposed the motion to amend, citing Rule 16's good cause requirements and claiming that the amendment is delayed.

2

**Decision**

Rule 15 provides that once a responsive pleading has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is generally granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility. Foman v. Davis, 371 U.S. 178, 182 (1962). The ultimate decision to grant or deny leave to amend is a matter committed to the court's sound discretion. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1970). The Third Circuit has "made clear that there is to be a liberal use of Rule 15 to amend complaints so as to state additional causes of action." Leased Optical Dep't, Inc. v. Opti-Center, Inc., 120 F.R.D. 476, 479 (D.N.J. 1988) (quotes omitted); see also Mullin v. Balicki, 875 F.3d 140 (3d Cir. 2017) ("liberal amendment regime" aids policy "favoring resolution of cases on their merits").,[1]

Plaintiff's motion is **GRANTED**. The Rule 15 factors clearly support amendment. First, there is no undue delay or prejudice. Discovery is open until May – and given current events, a further extension may be necessary. Defendant just served discovery responses in January. No depositions have been taken. This case is in the

---

[1] Defendant contends that Rule 16 should be applied to Plaintiff's application. The Court disagrees. The Scheduling Order contemplated a conference on January 15 and an amendment deadline of January 20. The January 15 conference was adjourned and rescheduled for February 6. The amendment deadline was not correspondingly moved but should have been – it is always the Court's intention to have a conference prior to the filing of a motion, and in fact, Plaintiff should not have filed a motion on January 20th without leave of court and prior to a conference and appropriate meet and confer. See Scheduling Order ¶¶ 7, 19. Thus, there is no basis to apply Rule 16 in this case. And even if, for some reason, Rule 16 should be applied, the Court has "great discretion in determining what kind of showing the moving party must make in order to satisfy the good cause requirement," and that showing will "necessarily var[y] with the circumstances of each case." In re L'Oreal Wrinkle Cream Marketing Practices Litig., 2015 WL 5770202, at *2 n.4 (D.N.J. Sept. 30, 2015) (quotations and citations omitted). Having considered the circumstances presented, the Court is more than satisfied that Rule 16 does not apply in this instance and that if it does, Plaintiff has met its requirements.

earliest stages. While Defendant claims that Plaintiff may have had the information to support their amendment earlier and could have moved more promptly, the fact remains that the case is still in the early stages and there is prejudice whatsoever that will result from an amendment now. Absent prejudice, delay is largely inconsequential. See Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984) (district court erred in not permitting amendment 10 years after original complaint when there was no demonstrated prejudice). Second, Third, and Fourth, there is nothing in any of these factors that warrants denial of an amendment. There is no evidence of bad faith or dilatory motive at all – again, discovery is open, and the amendment appears to have the possibility of resolving discovery issues (what is in the Complaint versus what is allegedly not) as opposed to creating them. Finally, Defendant does not argue futility, nor would the Court find futility on this type of amendment, which does not present as something that is discernibly and patently frivolous. See In re L'Oreal, 2015 WL 5770202, at *5 (futility only present when the amendment is "frivolous or advances a claim or defense that is legally insufficient on its face") (quotes and cites omitted).

## Conclusion

For the reasons stated above, Plaintiff's letter motion for leave to file a second amended complaint is **GRANTED**.

**SO ORDERED**.

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**